UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| C2 Communications Technologies, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> PAETEC Corporation; Matrix Telecom, Inc.; Windstream Corporation; and TDS Telecommunications, Corp., <br><br> Defendants. | NO. 6:09-314-FHS <br><br> **AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff C2 Communications Technologies, Inc., brings this Amended Complaint against defendants PAETEC Corporation, Matrix Telecom, Inc., Windstream Corporation, and TDS Telecommunications Corp., and would show as follows:

**I.    PARTIES**

1.    Plaintiff C2 Communications Technologies, Inc., is a Delaware corporation with its principal place of business at 505 E. Travis, Suite 205, Marshall, Texas 75670.

2.    Defendant PAETEC Corporation, is a Delaware corporation with its principal place of business at 600 Willowbrook Office Park, Fairport, NY 14450.

3.    Defendant Matrix Telecom, Inc., is a Texas corporation with its principal place of business at 7171 Forest Lane, Dallas, TX, 75230.

4.    Defendant Windstream Corporation, is a Delaware corporation with its principal place of business at 4001 Rodney Parham Road, Little Rock, Arkansas 72212.

5.    TDS Telecommunications Corporation is a Delaware corporation with its principal place of business at 525 Junction Road, Madison, WI 53705.

AMENDED COMPLAINT AND JURY DEMAND

## II. JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## III. COMPLAINT FOR PATENT INFRINGEMENT

8. Plaintiff is the assignee of U.S. Patent No. 6,243,373 (the "'373 Patent") (attached as Exhibit A), issued June 5, 2001, entitled "Method and Apparatus for Implementing a Computer Network Internet Telephone System."

9. The '373 Patent claims methods and systems for routing a full duplex telephone call between a first telephone set and a second telephone set using a public computer network, such as a portion of the Internet, as at least part of a communication link connecting said first and second telephone sets. In general, the patent claims relate to (1) receiving at a first computer network access port a first request for a telephone connection from a central office, the request having been placed from a first telephone set by dialing only the destination telephone number; (2) converting call data (such as voice and signaling) received from the central office to an Internet protocol; (3) establishing a link over a computer network that carries data for the public from the first computer network access port to a second remote computer network access port; (4) placing a second request for a telephone connection from the second computer network access port to the destination telephone over the traditional public switched telephone network (PSTN); (5) converting call data received from the public computer network from and Internet protocol to a PSTN protocol; and (6) connecting the first call, the communication link, and the second call to establish a communication link between the two telephone sets.

AMENDED COMPLAINT AND JURY DEMAND

10. On information and belief, each defendant operates media gateway equipment that constitutes computer network access ports within the meaning of the '373 patent.

11. On information and belief, each defendant is using media gateways to connect calls between their landline telephone customers over converged computer networks on which they also carry general Internet data traffic.

12. Such "IP trunking" between media gateways over converged data networks constitutes infringement of one or more claims of the '373 patent.

### IV.     JURY DEMAND

13. Plaintiff demands a trial by jury on all issues.

### V.     PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

(a) That this Court find that defendants have committed acts of patent infringement in violation of the Patent Act, 35 U.S.C. § 271;

(b) That this Court enter judgment that:

  (i) Plaintiff is the owner of the '373 Patent and all rights of recovery thereunder; and

  (ii) the '373 Patent is valid and enforceable;

(c) That this Court enter an injunction enjoining defendants, their officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that defendants and such other persons be permanently enjoined and restrained from further infringing the '373 Patent;

(d) That this Court require defendants to file with this Court, within thirty (30) days after the entry of final judgment, a written statement under oath setting forth in detail the manner in which defendants have complied with the injunction;

AMENDED COMPLAINT AND JURY DEMAND

(e)   That the Court award plaintiff the damages to which it is entitled due to defendants' patent infringement with both pre-judgment and post-judgment interest;

(f)   That defendants' infringement of the '373 Patent be judged willful and that the damages to plaintiff be increased pursuant to 35 U.S.C. § 284 by three times the amount found or assessed;

(g)   That this be judged an exceptional case and plaintiff be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(h)   That this Court award plaintiff its costs and disbursements in this action, including reasonable attorneys' fees;

(i)   That this Court grant plaintiff all further relief to which it shall be entitled.

Respectfully submitted this 14th day of October, 2009.

SUSMAN GODFREY, L.L.P.

/s/ *Ian B. Crosby*
William C. Carmody
Texas Bar No. 03823650
  (*pro hac vice*)
654 Madison Avenue
Fifth Floor
New York, NY 10065
Tel. (212) 336-8334
Fax (212) 336-8340
bcarmody@susmangodfrey.com

Ian Bradford Crosby
Wash. St. Bar No. 28461
  (*pro hac vice*)
1201 Third Avenue
Suite 3800
Seattle, Washington 98101
Tel. (206) 516-3861
Fax (206) 516-3883
icrosby@susmangodfrey.com

STIPE HARPER LAIZURE USELTON
BELOTE MAXCEY & THETFORD

Eddie Harper

Of counsel:

THE WARE FIRM
Leslie D. Ware
Texas Bar No. 00785179
  (*pro hac vice*)
lware@thewarefirm.com
Donald Puckett
Texas Bar No. 24013358
  (*pro hac vice*)
dpuckett@thewarefirm.com
Mark W. Born
Texas Bar No. 24034334
  (*pro hac vice*)
mborn@thewarefirm.com
201 Cedar Springs Blvd
Suite 1900
Dallas, Texas 75201
Tel. (214) 744-5000
Fax (214) 744-5013

WARD & OLIVO
John W. Olivo, Jr.
NY State Bar No. JO-3382
John F. Ward
NY State Bar No. JW-8012

AMENDED COMPLAINT AND JURY DEMAND

4

| | |
|---|---|
| OBA# 3878 | 380 Madison Avenue |
| 343 East Carl Albert Parkway | New York, New York 10017 |
| PO Box 1369 | Tel: 212-697-6262 |
| McAlester, OK 74502 | Fax: 212-972-5866 |
| (918) 423-0421 Phone | olivoj@wardolivo.com |
| (918) 423-0266 Fax | wardj@wardolivo.com |

**ATTORNEYS FOR PLAINTIFF**

AMENDED COMPLAINT AND JURY DEMAND

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                */s/ Ian B. Crosby*
                                                  Ian B. Crosby