IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| C2 COMMUNICATIONS TECHNOLOGIES, INC., *Plaintiff*, v. PAETEC CORPORATION; MATRIX TELECOM, INC.; WINDSTREAM CORPORATION; and TDS TELECOMMUNICATIONS CORP. *Defendants*. | Civil Action No. 09-314-FHS **JURY TRIAL DEMANDED** |

**DEFENDANT PAETEC CORP.'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant PAETEC Corp. ("PAETEC") hereby answers and responds to Plaintiff C2 Communications Technologies, Inc.'s ("C2") Amended Complaint and Jury Demand in this matter as follows:

The first Paragraph of the Amended Complaint is an introductory Paragraph to which no response is required. To the extent a response may be deemed necessary, PAETEC denies that C2 is entitled to any relief whatsoever from PAETEC.

I. **PARTIES**

1. PAETEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint and, therefore, denies these allegations.

2. PAETEC admits the allegations contained in Paragraph 2 of the Amended Complaint, but denies that it is a proper party to this action because it is merely a holding

company that does not engage in any operating activities and cannot, therefore, infringe Plaintiff's patent.

3. PAETEC states that Paragraph 3 purports to relate solely to defendants other than PAETEC, and thus no response is required of PAETEC. To the extent a response is required, PAETEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint and, therefore, denies these allegations.

4. PAETEC states that Paragraph 4 purports to relate solely to defendants other than PAETEC, and thus no response is required of PAETEC. To the extent a response is required, PAETEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint and, therefore, denies these allegations.

5. PAETEC states that Paragraph 5 purports to relate solely to defendants other than PAETEC, and thus no response is required of PAETEC. To the extent a response is required, PAETEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint and, therefore, denies these allegations.

**II.   JURISDICTION AND VENUE**

6. PAETEC admits that Plaintiff is asserting claims for patent infringement, which are governed by the Patent Laws of the United States, Title 35, United States Code, but denies that Plaintiff is entitled to any relief against PAETEC on these claims. PAETEC further avers that it does not contest this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

-3-

7. PAETEC denies that venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. §§ 1391 and 1400(b), as PAETEC does not reside in this district and a substantial part of the events or omissions giving rise to Plaintiff's allegations did not occur here.

### III.  COMPLAINT FOR ALLEGED PATENT INFRINGEMENT

8. PAETEC admits that U.S. Patent No. 6,243,373 ("the '373 Patent"), is entitled "Method and Apparatus for Implementing a Computer Network/Internet Telephone System," and indicates on its face that it issued on June 5, 2001. PAETEC is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8 and, therefore, denies these allegations.

9. PAETEC states that Paragraph 9 contains characterizations of the '373 Patent to which no response is required. To the extent that a response may be deemed required, PAETEC states that the '373 Patent speaks for itself, and denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. PAETEC denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. PAETEC denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. PAETEC denies the allegations contained in Paragraph 12 of the Amended Complaint.

### IV.  JURY DEMAND

13. PAETEC states that Paragraph 13 contains a Jury Demand to which no response is required. To the extent that a response may be deemed required, PAETEC admits that the Amended Complaint sets forth a demand for trial by jury on all issues.

## V. PRAYER FOR RELIEF

The remainder of the Amended Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent that a response may be deemed required, PAETEC specifically denies that Plaintiff is entitled to any relief whatsoever, and denies all of the allegations contained in Paragraphs (a)-(i) of Plaintiff's Prayer for Relief.

PAETEC denies all allegations of the Amended Complaint not otherwise answered above.

## AFFIRMATIVE DEFENSES

PAETEC asserts the following affirmative defenses and reserves the right to amend its Answer as additional information becomes available:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted because, *inter alia*, PAETEC is merely a holding company that does not engage in any operating activities and cannot, therefore, infringe Plaintiff's patent.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

PAETEC does not infringe and has not infringed any claim of the '373 Patent.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the '373 Patent are invalid for failing to comply with one or more requirements of the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

-5-

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and relief sought are barred, in whole or in part, as a result of Plaintiff's failure to comply with the requirements of 35 U.S.C. §§ 286-287.

**SIXTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, acquiescence, and any other applicable doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting any range of equivalents under the doctrine of equivalents by the doctrine of prosecution history estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of patent misuse.

**NINTH AFFIRMATIVE DEFENSE**

PAETEC cannot be found to have willfully infringed the '373 Patent due to PAETEC's good faith conduct and actions of due care.

WHEREFORE, Defendant PAETEC demands a judgment dismissing the Amended Complaint with prejudice.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff PAETEC hereby alleges and complains of Plaintiff and Counterclaim-Defendant C2 as follows:

## THE PARTIES

1. Defendant and Counterclaimant PAETEC is a corporation existing under the laws of the State of Delaware with its principal place of business located at 600 Willowbrook Office Park, Fairport, NY 14450.

2. According to its Complaint, Plaintiff and Counterdefendant C2 is a Delaware corporation with a principal place of business at 505 E. Travis Street, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.

4. This Court has subject matter jurisdiction over PAETEC's counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure, the Declaratory Judgment Act, codified at 28 U.S.C. §§ 1331, 1338(a), and 2201, 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and/or 1400(b), but, pursuant to § 1400(a) is more convenient in the Eastern District of Texas.

6. C2's filing of and maintenance of an action against PAETEC demonstrates that an actual, justiciable controversy exists between C2 and PAETEC concerning the '373 Patent.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7. PAETEC repeats and realleges the allegations set forth in Paragraphs 1 through 6 of this Counterclaim as if they were fully and separately set forth herein.

8. C2 filed suit against PAETEC and has alleged in its Amended Complaint that PAETEC is infringing the '373 Patent.

9. PAETEC has not infringed and does not infringe, either literally or under the doctrine of equivalents, nor has it contributed to infringement by others or actively induced others to infringe, any valid claim of the '373 Patent.

10. C2's actions in asserting that PAETEC infringes the '373 patent have caused an actual and justiciable case or controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding PAETEC's non-infringement of the '373 Patent.

11. PAETEC is, therefore, entitled to a declaratory judgment that it has not and does not infringe the '373 Patent.

## COUNT II – DECLARATION OF PATENT INVALIDITY

12. PAETEC repeats and realleges the allegations set forth in Paragraphs 1 through 6 of this Counterclaim as if they were fully and separately set forth herein.

13. One or more claims of the '373 Patent are invalid because the '373 Patent fails to meet the requirements of the patent laws of the United States, including one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. PAETEC is, therefore, entitled to a declaratory judgment that one or more claims of the '373 Patent are invalid.

## PRAYER FOR RELIEF

**WHEREFORE**, PAETEC respectfully prays for a Judgment as follows:

A. Dismissing C2's claims against PAETEC with prejudice;

B. Declaring that PAETEC and its products and services have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '373 Patent, either literally or under the doctrine of equivalents, willfully or otherwise;

C. Declaring that the '373 Patent is invalid;

D.    Denying C2's request for damages, interest, costs, attorneys' fees and injunctive relief;

E.    Declaring this case to be exceptional under 35 U.S.C. § 285 and awarding PAETEC its costs and attorneys' fees; and

F.    Granting PAETEC other and further equitable or legal relief as the Court deems just and proper.

Dated:   November 2, 2009

/s/ Jacob K. Baron
Steven M. Bauer (admitted *pro hac vice*)
Jacob K. Baron (admitted *pro hac vice*)
Melissa A. Siegelman (admitted *pro hac vice*)
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02116
sbauer@proskauer.com
jbaron@proskauer.com
msiegelman@proskauer.com
Telephone:   (617) 526-9600
Facsimile:   (617) 526-9899

Michael J. Gibbens, OBA 3339
Susan M. Hunstman, OBA 18401
CROWE & DUNLEVY P.C.
500 Kennedy Building
321 South Boston
Tulsa, OK 74103-3313
michael.gibbens@crowedunlevy.com
susan.huntsman@crowedunlevy.com
Telephone:   (918) 592-9840
Facsimile:   (918) 599-6338

*ATTORNEYS FOR DEFENDANT PAETEC CORP.*

-9-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 2nd day of November, 2009.

/s/ _Jacob K. Baron_